UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DIRECTV, INC.,

    Plaintiff,

v.                                                              Case No. 5:04-CV-77

JAMES B. VELTE,                                  HON. GORDON J. QUIST

    Defendant.
_____/

## OPINION

Plaintiff, DIRECTV, Inc. ("DIRECTV"), has sued Defendant, James B. Velte ("Velte"), alleging that he violated the Federal Communications Act of 1934, 47 U.S.C. § 605, and the Omnibus Crime Control and Safe Streets Act of 1968, as amended by the Electronic Communications Privacy Act of 1986 and the Communications Assistance for Law Enforcement Act of 1994, 18 U.S.C. §§ 2510-22 (the "Wiretap Act"), by purchasing and using a device ("Pirate Access Device") to decrypt, receive, and view DIRECTV's encrypted satellite transmissions of television programming. Velte failed to appear or defend, and on August 5, 2004, the Clerk entered a default against Velte. On March 23, 2005, the Court issued an Order setting a hearing on damages for April 27, 2005, and requiring DIRECTV to serve a copy of the Order on Velte and certain other defaulting defendants. On March 28, 2005, DIRECTV filed a proof of service confirming service on Velte. The damages hearing was held on April 27, 2005, but Velte did not appear.

On or about May 20, 2003, DIRECTV obtained business records from the operators of certain internet websites, including DssZero.com, that advertised, sold, and distributed Pirate Access Devices designed to facilitate the interception of DIRECTV's encrypted satellite signals. The business records included shipping records, electronic communications, and customer lists

identifying purchasers, or end-users, of illegal Pirate Access Devices. DIRECTV used that information to obtain settlements (including monetary payments, stipulated injunctive relief, and turnover of the devices) from end-users or, failing a settlement, to sue end-users in federal court. Velte is one such end-user.

DIRECTV alleged in its complaint that Velte purchased a Pirate Access Device from DssZero.com on or about March 23, 2003. DIRECTV also alleged that Velte used the device to decrypt and view, and assisted others in decrypting and viewing, DIRECTV's encrypted satellite signal. It is well-established that once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110-11 (6th Cir. 1995); Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993). Therefore, by his default, Velte has admitted all facts to establish his liability. DIRECTV is entitled to a default judgment pursuant to Fed. R. Civ. P. 55(b)(1). However, DIRECTV must still establish its damages. Antoine, 66 F.3d at 110.

DIRECTV requests an award of damages in the amount of $10,000 plus $850 as reasonable attorney's fees and costs. DIRECTV requests statutory damages under the Wiretap Act, 18 U.S.C. § 2520. Pursuant to the Wiretap Act,

> the court may assess as damages whichever is the greater of –
> (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
> (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

18 U.S.C. § 2520(c)(2). In addition, a court may award reasonable attorney's fees and costs. 18 U.S.C. § 2520(b)(3). The Sixth Circuit has held that the proper inquiry in assessing damages under § 2520(c)(2) is as follows:

> (1) The court should first determine the amount of actual damages to the plaintiff plus the profits derived by the violator, if any. *See* 18 U.S.C. § 2520(c)(2)(A).

2

>   (2) The court should next ascertain the number of days that the statute was violated, and multiply by $100.  *See* 18 U.S.C. § 2520(c)(2)(B).
>
>   (3) The court should then tentatively award the plaintiff the greater of the above two amounts, unless each is less than $10,000, in which case $10,000 is to be the presumed award.  *See id.*
>
>   (4) Finally, the court should exercise its discretion to determine whether the plaintiff should receive any damages at all in the case before it.  *See* 18 U.S.C. § 2520(c)(2).

Dorris v. Absher, 179 F.3d 420, 430 (6th Cir. 1999).  Here, DIRECTV is not seeking actual damages and did not offer any evidence as to the number of days the violation occurred.  Therefore, under this statute, the Court may exercise its discretion to either award DIRECTV $10,000 or to award no damages at all.  Id.; see also DIRECTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1347-48 n.28 (M.D. Fla. 2003) ("Although a district court has the discretion to award the full amount of statutory damages authorized under § 2520(c)(2) or none at all, Congress did not grant district courts authority to prescribe an amount falling between those two choices.").

In prior DIRECTV cases involving defaulting defendants this Court has concluded that an award of $10,000 is appropriate.  See, e.g. DIRECTV v. Hedger, 322 F. Supp. 2d 879 (W.D. Mich. 2004).  The Court concludes that such an award is appropriate in this case because Velte has admitted that he purchased the device and that he used it to illegally intercept DIRECTV's signal.  DIRECTV has also presented evidence showing that Velte was a DIRECTV subscriber and had all of the equipment required to intercept DIRECTV's signal, so there is no question that Velte possessed the means to receive the signal.  Finally, DIRECTV has shown that Velte never activated his DIRECTV account after purchasing the equipment, suggesting that Velte actually used the device to intercept DIRECTV's signal.  The $10,000 award takes into consideration that DIRECTV offers an extensive variety of programming and that an individual with unrestricted access to these programs could easily receive thousands of dollars worth of free viewing over the course of just one year.  An award in the maximum amount is also proper because there is no evidence that Velte has

surrendered the device to DIRECTV.  See Cmty. Television Sys., Inc. v. Caruso, 134 F. Supp. 2d 455, 460 (D. Conn. 2000).  Moreover, DIRECTV has presented evidence showing that it incurs significant expense and employs significant resources in order to combat piracy.  This expense, of course, is another aspect of DIRECTV's damages beyond the loss of subscription and pay-per-view fees, and is appropriately reflected in the award of statutory damages in order to deter future signal theft by Velte and others.  See Sara Lee Corp. v. Bags of N.Y., Inc., 36 F. Supp.2d 161, 166 (S.D.N.Y. 1999) (in determining statutory damages under the Trademark Act, noting that the deterrent effect upon the defendant and others is a proper consideration because awards of statutory damages serve both compensatory and punitive purposes) (citing Fitzgerald Publ'g Co. v. Baylor Publ'g Co., 807 F.2d 1110, 1117 (2d Cir. 1986)).

Finally, DIRECTV requests an award of attorney's fees in the amount of $850.  The Court concludes that this is a reasonable fee for the work performed in this case.  Therefore, the Court will award DIRECTV $10,000 in statutory damages and $850 in attorney's fees.

An Order consistent with this Opinion will be entered.


Dated: May 11, 2005                               /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE